IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMEON BOZIC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1763 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOHN WETZEL, | ) | Re: ECF Nos. 3 and 7 |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Simeon Bozic ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution ("SCI") at Greene. Plaintiff initiated this civil action against Defendant John Wetzel ("Defendant"), the Secretary of the DOC, in the Court of Common Pleas of Greene County, Pennsylvania, alleging that he is being illegally incarcerated in violation of his rights provided by the Thirteenth Amendment to the United States Constitution because no written sentencing order relative to his underlying conviction was ever generated (Count I). ECF No. 1-2. Plaintiff also brings two state law claims for unlawful restraint and false imprisonment (Counts II and III). Id.

On November 23, 2016, Defendant removed the case to this Court, ECF No. 1, and on November 29, 2016, Defendant filed a Motion to Dismiss for Failure to State a Claim, which is presently before the Court. ECF No. 3. In addition, Plaintiff has filed a Motion to Remand for Lack of Subject Matter Jurisdiction. ECF No. 7. For the reasons that follow, Plaintiff's Motion to Remand will be denied and Defendant's Motion to Dismiss will be granted.

I.      **DISCUSSION**

   A.     **Plaintiff's Motion to Remand**

Section 1441 of Title 28, United States Code, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Krupa v. Hilcorp Energy I LP, No. 13-1542, 2014 WL 2506144, at *6 (W.D. Pa. June 3, 2014). A federal district court has original jurisdiction over an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005).

Here, Plaintiff concedes that his claim brought pursuant to the Thirteenth Amendment is one over which the Court has original jurisdiction but maintains that the Court lacks jurisdiction over his state law claims for unlawful restraint and false imprisonment. Plaintiff therefore asks that the Court sever those claims and remand them to state court for adjudication pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441(c) (2).

28 U.S.C. §§ 1447(c) and 1441 (c)(2) mandate that in an action where a district court has federal question jurisdiction over certain claims, *but lacks either original jurisdiction or supplemental jurisdiction over other claims*, the court shall sever the latter claims and remand them to state court. Id. (emphasis added). Supplemental jurisdiction over state law claims will be found where they derive from a common nucleus of operative facts as the federal claims such that they would ordinarily be expected to be adjudicated in one proceeding. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65 (1997). See Carnegie-Mellon Univ. v. Cohill, 484

U.S. 343, 349 (1988). See also 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Because Plaintiff's state law claims for unlawful restraint and false imprisonment are premised on the same operative facts as his Thirteenth Amendment claim, the Court clearly has supplemental jurisdiction over the state law claims and remanding those claims to state court is not warranted. Plaintiff's Motion to Remand therefore is properly denied.[1]

**B.     Defendant's Motion to Dismiss**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that

---

[1] In so finding, the Court has necessarily rejected Plaintiff's arguments that exercising supplemental jurisdiction would intrude on Pennsylvania's state sovereignty rights and that his claims present issues of complicated state law. See ECF No. 14.

is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Further, in deciding a motion to dismiss, "[i]n addition to the allegations contained in the pleadings, the Court may also review "matters of public record, exhibits attached to the complaint and items appearing in the record of the case," as well as "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Ickes v. Flanagan, No. 07-143- J, 2008 WL 859183, at *1 (W.D. Pa. Mar. 31, 2008), *quoting* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994) and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d Cir. 1997).

### A. Thirteenth Amendment Claim (Count I)

Plaintiff alleges at Count I of the Complaint that his right provided by the Thirteenth Amendment to be free from involuntary servitude has been violated because no written sentencing order relative to his underlying conviction was ever generated. Defendant argues that Plaintiff's claim fails as a matter of law because a signed sentencing order is not required where, as here, the prisoner is incarcerated pursuant to a valid judgment. The Court agrees.

The United States Court of Appeals for the Third Circuit has recently decided this precise issue in a virtually identical case holding that the absence of a written sentencing order does not deprive the DOC of the authority to detain a prisoner and thus does not violate the Thirteenth Amendment. Connelly v. Sec'y Pa. Dep't of Corr., No. 14-1444, ___ F. App'x ___, 2017 WL 1507785 (3d Cir. 2017). Specifically, the Court found that:

> The prohibition against involuntary servitude in the Thirteenth Amendment is not implicated "where a prisoner is incarcerated pursuant to a presumptively valid judgment." *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (*quoting Omasta v. Wainwright*, 696 F.2d 1304, 1305

4

> (11th Cir. 1983)). Connelly does not contend that he was not convicted or sentenced by the Court of Common Pleas. Instead, he asserts that his confinement is illegal because there is no written sentencing order. Connelly argues that this omission invalidates the DOC's authority to hold him in custody and that he thus is entitled to damages. However, . . . the Clerk of Court drafted and signed multiple commitment sheets. Under these circumstances, we conclude that Connelly has not stated a claim to relief that is plausible on its face. *Cf. Joseph v. Glunt*, 96 A.3d 365, 372 (Pa. Super. Ct. 2014) (stating that "the trial court correctly concluded that, even in the absence of a written sentencing order, the [DOC] had continuing authority to detain [Petitioner].").

Id. at *1. The Court of Appeals for the Third Circuit also found that the fact that a particular sentencing order was not signed "does not deprive the document of legal effect." Id. at n.1, *citing* Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 654 n.4 (3d Cir. 2011) (explaining that the omission of the sentencing judge's signature on the commitment sheet did not deprive the document of legal effect).

In this case, like in Connelly, Plaintiff does not contend that he was not convicted or sentenced by the Court of Common Pleas. Indeed, the record shows that Plaintiff was duly convicted of first degree murder in the Court of Common Pleas of Philadelphia County and sentenced to life imprisonment accordingly. ECF No. 3-2. Moreover, not only is the transcript of the sentencing hearing of record but so is the Court Commitment sheet. Id. As found by the Court in Connelly, under these circumstances, a written sentencing order is not a required and thus Plaintiff has not, and cannot, state a claim for involuntary servitude under the Thirteenth Amendment. As such, Defendant's Motion to Dismiss Plaintiff's Thirteenth Amendment claim is properly granted and Count I of the Complaint will be dismissed.

### B. Claims of Unlawful Restraint and False Imprisonment (Counts II and III)

Plaintiff's claims for unlawful restraint and false imprisonment are similarly disposed of as these same claims were addressed by the Third Circuit Court of Appeals in Connelly v. Sec'y Pa. Dep't of Corr., and found lacking. In particular, the Court of Appeals found that:

> To the extent that Connelly is attempting to bring criminal charges or require the Government to initiate criminal proceedings against the Secretary, as a private citizen, he does not have standing to do so. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent Connelly alleged that the Secretary committed the intentional torts of false imprisonment and unlawful restraint, and sought relief pursuant to the Federal Tort Claims Act, the Secretary enjoys immunity. With exceptions not relevant here, employees of Commonwealth agencies acting within the scope of their duties enjoy immunity for their negligent acts, 42 Pa. Cons. Stat. § 8521, and for intentional torts. *Wilson v. Marrow*, 917 A.2d 357, 364-65 (Pa. Commw. Ct. 2007). Finally, as the Secretary has the authority to hold Connelly in custody and the Secretary is immune from suit, dismissal without leave to amend was proper. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Id. at *2. Because Plaintiff's claims for unlawful restraint and false imprisonment mirror those set forth in Connelly, they too are properly dismissed and Defendant's Motion to Dismiss Counts II and III of the Complaint will be granted as well.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is properly denied and Defendant's Motion to Dismiss is properly granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 8th day of May, 2017, upon consideration of Plaintiff's Motion to Remand, Defendant's Brief in Opposition to the Motion to Remand and Plaintiff's Reply Brief, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand, ECF No. 7, is denied. IT IS FURTHER ORDERED that, upon consideration of Defendant's Motion to Dismiss, and

Plaintiff's Response to the Motion to Dismiss, Defendant's Motion to Dismiss, ECF No. 3, is GRANTED and the Clerk of Court is to mark the case closed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Simeon Bozic
HL 9179
175 Progress Drive
SCI Greene
Waynesburg, PA 15370

All counsel of record via CM/ECF